**In the Matter of Michael J. MASSA.**

**No. 45S00-9209-DI-732.**

Supreme Court of Indiana.

Dec. 20, 1993.

Michael J. Massa, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM

The Respondent, Michael J. Massa, was charged in a single count complaint for disciplinary action with engaging in misrepresentation and, thereby, violating Rule 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* Thereafter, the Disciplinary Commission and the Respondent reached a conditional agreement as to the discipline to be imposed in this case and, pursuant to Admission and Discipline Rule 23, Section 11(d), submitted for this Court's approval their Statement of Circumstances and Conditional Agreement for Discipline.

Upon review of the agreement, we find that it should be approved. The Respondent was admitted to the Bar of this state on October 9, 1981. The parties agree, and we find, that in June of 1991, Ruth Biddle retained Respondent to file a petition for sentence modification for her son, Clayton Biddle, Jr., who was incarcerated. In December of 1991, Respondent told Ruth Biddle that he had filed the petition, when, in fact, he had not done so, nor did he file a petition anytime thereafter. Respondent had determined that sentence modification was not an appropriate remedy under the circumstances of the case. The foregoing findings clearly establish that Respondent engaged in conduct involving deceit and misrepresentation in violation of Prof. Cond.R. 8.4.

By way of mitigation, the parties agree, and we find, that Respondent made prompt restitution and was remorseful and apologetic. Additionally, he has no prior disciplinary sanctions.

The parties agree that the appropriate sanction for this misconduct is a public reprimand. The agreed facts presented to us indicate that Respondent's failure to file the promised petition was not inadvertent but a conscious decision not to do so. However, regardless of the reason for his failure to file the promised petition, Respondent's subsequent misrepresentation to his client's mother is inexcusable and alarming. By his lack of candor, Respondent breached the most fundamental element of the attorney-client relationship, that of trust. In assessing an appropriate sanction, we are also mindful of the mitigating factors presented by the parties. The isolated nature of this act and Respondent's restitution and remorse persuade us that the agreed sanction, a public reprimand, is appropriate under the circumstances of this case.

Accordingly, we conclude that the agreement of the parties is approved. Michael J. Massa is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against Respondent.

DICKSON, J., dissents, believing the sanction is inadequate.